IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STUART HERBST,<br>   *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.: _____ |
| DEERE & COMPANY DBA JOHN DEERE COMPANY and H&E EQUIPMENT SERVICES, INC. DBA H&E EQUIPMENT SERVICES (TEXAS), INC.,<br>   *Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Stuart Herbst (hereinafter, "Plaintiff"), complaining of Deere & Company DBA John Deere Company and Defendant H&E Equipment Services, Inc. DBA H&E Equipment Services (Texas), Inc., and for cause of action shows unto the Court the following:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this lawsuit based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Specifically, both defendants are Delaware corporations with headquarters outside the state of Texas. Additionally, the amount in controversy is in excess of $75,000.

2. This Court has jurisdiction over the parties referenced above because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Moreover, this Court has personal jurisdiction over the defendants because they both have a registered agent in the State of Texas, do business in the State of Texas on a continuous and

systematic basis, and committed a tort in the State of Texas, namely in this District. For the same reasons, venue is proper in this District.

## II. PARTIES

3. Plaintiff Stuart Herbst is an individual residing in Brazoria County, Texas.

4. Defendant Deere & Company DBA John Deere Company (hereinafter, "John Deere Company") is a Delaware corporation doing business in the state of Texas and can be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

5. Defendant H&E Equipment Services, Inc. DBA H&E Equipment Services (Texas), Inc. (hereinafter, ("H&E") is a Delaware corporation doing business in the state of Texas and can be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## III. FACTS

6. On June 10, 2019, Plaintiff Stuart Herbst was supervising a job site located on Valdera St., Angleton, TX while in the course and scope of his employment by Noble Building & Development LLC (hereinafter "Noble").

7. One of the Noble employees at the site was using an excavator designed and distributed by Defendant John Deere Company. The excavator was not equipped with a swing alarm. Noble had rented the excavator from Defendant H&E.

8. While Plaintiff Stuart Herbst was standing near the excavator, he was unexpectedly struck by the excavator's counterweight while it was being turned. Plaintiff Stuart Herbst was not alerted to the movement of the excavator because it lacked a swing alarm.

9. As a result, Plaintiff Stuart Herbst sustained severe injury to his back which he is still struggling with to this day.

### IV. CAUSES OF ACTION

A. *Negligence against John Deere Company and H&E*

10. Defendants had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, and/or distribution of the excavator, which they placed into the stream of commerce, including a duty to ensure that it did not cause unreasonable or unnecessary injury.

11. Defendants breached their above-stated duties when they: (a) did not use due care in designing the excavator to have a swing alarm feature; (b) did not use due care in warning product users, including Noble and its employees, concerning the appropriate and safe use of the excavator; (c) placed an unsafe product into the stream of commerce; and (d) failed to discover or warn of the dangers associated with the use of the excavator and the dangers created by its lack of a swing alarm.

12. By providing Noble with the excavator, Defendants also placed Plaintiff in an unsafe situation and had a duty to render appropriate assistance to protect him from the danger Defendants created.

13. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries and damages described herein.

14. Defendants knew or should have known that Plaintiff could foreseeably suffer injuries as a result of Defendants' failure to exercise ordinary care as described above.

B. *Strict Products Liability against John Deere Company and H&E*

15. It was the duty of Defendants to manufacture, test, market, advertise, label,

distribute and/or sell the excavator so that it was reasonably safe for its foreseeable use.

16. At the time the excavator left the control of the Defendants, it contained one or more conditions, including but not limited to the lack of a swing alarm feature, which rendered it defective and unreasonably dangerous in light of its nature and intended use.

17. At all times, the excavator was used in the manner intended, recommended, or reasonably foreseeable by Defendants.

18. The excavator was defective in design and/or manufacture in that when it left the hands of Defendants, the foreseeable risks exceeded the benefits associated with the design and/or manufacture of the product.

19. The excavator marketed, sold, and supplied by Defendants was defective in its marketing and labeling in that Defendants knew or should have known of the excavator's dangers and risks but failed to: 1) adequately warn or instruct consumers of the nature and extent of those risks and how to avoid them, and; 2) properly warn users or instruct users on the proper operation of the excavator and the dangers presented by its lack of a swing alarm.

20. As a direct and proximate result of the defective condition of the excavator as manufactured and/or distributed by Defendants, Plaintiff suffered the injuries and damages described herein.

### C. Breach of Implied Warranty against John Deere Company and H&E

21. Defendants were merchant sellers with respect to the excavator.

22. In order to induce the purchase and/or use of the excavator, Defendants impliedly warranted to potential users of the excavator that it was safe for the uses for which it was designed and/or advertised to be used.

23. Defendants breached this warranty in that the excavator was not safe for the uses for which it was manufactured and/or advertised.

24. Plaintiff was injured as a result of his detrimental reliance upon Defendants' implied warranties.

25. As a direct and proximate result of one or more of the foregoing breaches of implied warranty, Plaintiff suffered the injuries and damages described herein.

### III. JURY DEMAND

26. Plaintiff Stuart Herbst hereby demands a jury trial.

### VI. PRAYER

27. Plaintiff prays that citation issue and be served upon Defendants requiring them to appear and answer. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows herself justly entitled, including but not limited to:

   a. Actual damages;
   b. Past and future medical expenses;
   c. Past and future pain and suffering;
   d. Past and future mental anguish;
   e. Past and future impairment;
   f. Attorney's fees and expenses; and
   g. Punitive damages

Respectfully submitted,

**WILLIAMS HART BOUNDAS HART, L.L.P**

By: _/s/ Cesar Tavares_
CESAR TAVARES

Texas Bar No. 24093726
EMILY VECHAN
Texas Bar No. 24087488
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2312 - telephone
(713) 643-6226 – facsimile
PIDept@whlaw.com - Email

**ATTORNEYS FOR PLAINTIFF**